
IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARK TALBOT,** | 07-CV-1201-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **B & B LEASING CO., INC.** | |
| Defendant. | |

**KERRY M.L. SMITH**
Smith & Fjelstad
722 N. Main Ave.
Gresham, OR 97030
(503) 669-2242

      Attorneys for Plaintiff

**RICHARD R. MENEGHELLO**
**SEAN M. DRISCOLL**
Fisher & Phillips, LLP
111 S.W. Fifth Ave., Suite 1250
Portland, OR 97204
(503) 242-4262

      Attorneys for Defendant

1  -  OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant B & B Leasing Co., Inc.'s Motion for Summary Judgment (#25). On October 9, 2008, the Court heard oral argument and resolved all but one portion of the Motion as indicated in the record, summarized in the court's Minute Order (#69), and as further detailed below. The Court took under advisement and permitted supplemental briefing as to Defendant's Motion against Claim Two of Plaintiff's Complaint.

For the reasons that follow, the Court **GRANTS** Defendant's Motion as to Plaintiff's Claim Two because, as a matter of law, Plaintiff's right to reinstatement to his former position under Oregon Revised Statute § 659A.043 does not include the right to be reinstated to work overtime hours in the circumstances presented here.

## FACTUAL BACKGROUND

The following facts are undisputed unless otherwise noted.

Defendant is a solid-waste collection company based in Oregon City. Plaintiff has worked for Defendant since 1995 and continues to do so.

Plaintiff began working as a route driver in the late 1990s. Route drivers are members of Teamsters Local Union No. 305, and the terms and conditions of their employment are negotiated as

2  -   OPINION AND ORDER

part of a collective bargaining agreement (CBA).

Under the CBA, route drivers are paid eight hours of wages on each day that they work for at least six hours.  If route drivers work more than 40 hours in a week or work on a Saturday, they receive overtime pay.  A route driver may work overtime in a given week when routes take longer than normal or when a driver takes on additional work handling missed or special pickups.

Plaintiff suffered an on-the-job injury on May 10, 2006, and took leave to recuperate.  He continued as a route driver on his return to work in June 2006.  He was, however, not assigned any special or missed pickups.  Although Defendant states Plaintiff did not request such assignments, Plaintiff alleges special and missed pickup assignments are not given out on request.  In addition, Plaintiff also asserts he did not receive any overtime for driving Saturday routes.

## PROCEDURAL BACKGROUND AND COURT RULINGS

On August 14, 2007, Plaintiff filed a Complaint in this Court.  In Claim One, Plaintiff alleges Defendant violated Oregon Revised Statute § 659A.040(1) by discriminating against Plaintiff for invoking the benefits of the workers' compensation system:  Defendant allegedly reduced Plaintiff's overtime hours, discontinued payment of his medical-insurance premiums, reassigned him to a more onerous route, failed to pay his wages

during his family leave, and refused to resolve the March 2008 disciplinary action on the same terms as Defendant resolved the action with other employees.

In Claim Two, Plaintiff alleges Defendant violated Oregon Revised Statute § 659A.043 by failing to reinstate him to the position that he held prior to his injury on the ground that Defendant assigned Plaintiff fewer overtime hours than he had been assigned before his injury occurred.

In Claim Three, Count One, Plaintiff alleges Defendant violated the Oregon Family Leave Act (OFLA), Oregon Revised Statutes §§ 659A.150-659A.186, by failing to pay Plaintiff wages during his family leave.  In Claim Three, Count Two, Plaintiff alleges Defendant interfered with Plaintiff's OFLA rights by failing to notify him of those rights.  In Claim Three, Count Three, Plaintiff alleges Defendant retaliated against Plaintiff for taking OFLA leave.

In Claim Four, Count One, Plaintiff alleges Defendant violated the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*, by discontinuing payment of Plaintiff's medical-insurance premiums and failing to pay his wages during his family leave.  In Claim Four, Count Two, Plaintiff alleges Defendant interfered with Plaintiff's FMLA rights by failing to notify him of those rights.  In Claim Four, Count Three, Plaintiff alleges Defendant retaliated against Plaintiff for taking FMLA leave.

4   -   OPINION AND ORDER

In Claim Five, Plaintiff alleges Defendant violated Oregon Revised Statute § 659A.203 by retaliating against Plaintiff for filing this lawsuit:  Defendant allegedly refused to resolve the March 2008 disciplinary action on the same terms as Defendant resolved the action with other employees.

In Claim Six, Plaintiff alleges Defendant violated Oregon Revised Statute § 659A.865 by retaliating against Plaintiff for filing a complaint with the Bureau of Labor and Industries (BOLI):  Defendant allegedly failed to pay Plaintiff's wages during his family leave.

On July 28, 2008, Defendant moved for summary judgment against all of Plaintiff's claims.

On October 9, 2008, the Court heard oral argument on Defendant's Motion and ruled as follows:

(1) Denied Defendant's Motion as to Plaintiff's Claim One (workers' compensation discrimination) on the ground that issues of fact exist as to whether Plaintiff's overtime was reduced and as to whether Defendant's assignment of Plaintiff exclusively to recycling routes was an adverse employment action.

(2) Took under advisement subject to supplemental briefing Defendant's Motion regarding Plaintiff's Claim Two (failure to reinstate to former position on the ground that Oregon Revised Statute § 659A.043 includes the right to be reinstated to work overtime hours as a matter of law).

5  -  OPINION AND ORDER

(3) Denied Defendant's Motion as to Plaintiff's Claim Three (OFLA), Counts One and Two, on the ground that issues of fact exist as to whether Defendant had a policy of paying its employees during family leave and as to whether Defendant failed to notify Plaintiff of his rights under OFLA.

(4) Denied as moot Plaintiff's Claim Three, Count Three, after Plaintiff withdrew it at oral argument.

(5) Denied Defendant's Motion as to Plaintiff's Claim Four (FMLA) on the ground that an issue of fact exists as to whether Defendant failed to notify Plaintiff of his rights under FMLA.

(6) Denied as moot Plaintiff's Claim Four, Count Three, after Plaintiff withdrew it at oral argument.

(7) Denied Defendant's Motion as to Plaintiff's Claim Five (retaliation for filing lawsuit) on the ground that an issue of fact exists as to whether the discipline was an adverse employment action and that the facts regarding Plaintiff's grievance issue are still developing and the grievance process is still pending.

(8) Granted Defendant's Motion in all other respects: *i.e.*, (a) no issue of fact exists as to whether Plaintiff's medical-insurance premiums were paid because they were paid by his union, (b) Plaintiff did not establish an adverse employment action occurred based on nonpayment of wages for the duration of

6   -   OPINION AND ORDER

his family leave because there is not any evidence that Defendant paid more than one week of leave to any other employee, and (c) Plaintiff did not establish the element of causation necessary to prove that Defendant retaliated against him for invoking workers' compensation benefits by refusing to resolve the March 2008 disciplinary action on the same terms as Defendant resolved that action with other employees because Plaintiff did not show the requisite temporal proximity between his invocation of workers' compensation benefits and Defendant's resolution of the disciplinary action.

## STANDARDS

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact.  *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005).  In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial.  *Id*.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th

7   -   OPINION AND ORDER

Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party.  *Id*.  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues."  *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment.  *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990).  When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary."  *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005)(citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material.  *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.  *Id*.

## **DISCUSSION**

8   -   OPINION AND ORDER

As noted, the Court took under advisement the question of whether, under § 659A.043, Plaintiff is entitled to be reinstated to work overtime hours that were assigned to him before his reinstatement as a matter of law.

Section 659A.043(1) provides:

> (1) A worker who has sustained a compensable injury shall be reinstated by the worker's employer to the worker's former position of employment upon demand for such reinstatement, if the position exists and is available and the worker is not disabled from performing the duties of such position. A worker's former position is available even if that position has been filled by a replacement while the injured worker was absent. If the former position is not available, the worker shall be reinstated in any other existing position that is vacant and suitable.
>
> (2) Such right of reemployment shall be subject to the provisions for seniority rights and other employment restrictions contained in a valid collective bargaining agreement between the employer and a representative of the employer's employees.

Plaintiff points out that the right to reinstatement under § 685A.043 is very similar to resinstatement rights under OFLA and FMLA in that all three confer on an employee the right of reinstatement to his previously-held position or to an equivalent position on his return from protected leave. The regulations under FMLA provide: "If an employee departed from a position averaging 10 hours of overtime . . . each week, an employee is ordinarily entitled to such position on return from FMLA."

9   -   OPINION AND ORDER

29 C.F.R. § 825.215(c).  Plaintiff also notes the provisions of OFLA are generally construed in a manner consistent with similar FMLA provisions, and, therefore, Plaintiff contends OFLA also confers a right to be reinstated to work overtime hours after OFLA leave when the position previously held included overtime hours.  Or. Admin. R. 839-009.220.  In addition, OFLA, FMLA, and § 659A.043 share a similar purpose in that they each require job protection for an employee on protected leave.  Thus, in light of the shared goal of returning an employee to the same position that he held before taking leave, Plaintiff contends the right of reinstatement under § 659A.043 must, like FMLA and OFLA, include the right to reinstatement after protected leave to a position with overtime hours if the previous position included overtime hours.

To determine the meaning of an Oregon statute, the Court applies the method of statutory interpretation set out in *Portland General Electric v. Bureau of Labor and Industries*, 317 Or. 606, 610-12 (1993)(*PGE*).  Under *PGE*, "the court's task is to discern the intent of the legislature." *Id.* at 610.  That requires examination of "both the text and context of the statute." *Id.*  The "text of the statutory provision itself is the best evidence of the legislature's intent." *Id.*  Words are to "be given their plain, natural, and ordinary meaning." *Id.* at 611.  The Court is "not to insert what has been omitted or to

10   -   OPINION AND ORDER

omit what has been inserted." Or. Rev. Stat. § 174.010. *See also In re Gatti*, 330 Or. 517, 533 (2000). In addition, the context of the statute "includes other provisions of the same statute and other related statutes." *Id.* "If the legislature's intent is clear" from the text and context, "further inquiry is unnecessary." *PGE*, 317 Or. at 611.

Section 659A.043(1) does not define "worker's former position," and there is not any court authority on the subject. The plain language of § 659A.043(2), however, provides the right conferred by the statute is subject to the employment restrictions contained in a valid CBA.

Here the CBA between the parties reflects the workweek is made up of 40 hours that consist of five eight-hour shifts or four ten-hour shifts. In addition, the CBA requires overtime to be paid if an employee covered by the CBA works on Saturday or works more than eight hours in a workday. Although the CBA specifies when overtime must be paid and at what rate, it does not contain any separate right to work overtime hours; *i.e.*, an employee only has a contract right to work 40 hours each week. In addition, Oregon Administrative Rule 839-006.0130(10) provides "an injured worker has no greater right to a position or other employment benefit than if the worker had not been injured." Under the CBA, Defendant would have been well within its rights to reduce or to eliminate Plaintiff's overtime hours at any time

11  -   OPINION AND ORDER

if Plaintiff had not been injured.  Thus, Plaintiff's injury did not confer to Plaintiff any rights different than those provided under the CBA before his injury.

The Court, therefore, concludes in these circumstances that Plaintiff's reinstatement to his former position under Oregon Revised Statute § 659A.043 does not include the right to be reinstated to work overtime hours, and, thus, Defendant did not violate Plaintiff's reinstatement rights under § 659A.043 as alleged by Plaintiff in Claim Two of his Complaint.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment (#25) as to Claim Two.

IT IS SO ORDERED.

DATED this 24th day of November, 2008.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

12   -   OPINION AND ORDER